26-MJ-6338-MPK

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, E. Austin Wozniak, being duly sworn, depose and state that:

### INTRODUCTION

1. I am a Special Agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") and have been so employed since September 1, 2013. I am currently assigned to the Boston Field Office.

2. I am a graduate of the Federal Law Enforcement Training Center, where I completed ATF Special Agent Basic Training and the Criminal Investigator Training Program. Prior to my employment with ATF, I was a police officer with the Dallas Police Department in Dallas, Texas for three years. I am a graduate of Marquette University where I received a Bachelor of Science in Accounting in 2010.

3. I was assigned to the Seattle, Washington Field Office of ATF for approximately five years, where I worked with agents and other law enforcement agencies to target violent crime. I participated in or directed complex criminal investigations, utilized the National Integrated Ballistic Information Network ("NIBIN") to identify violent offenders for prosecution, and helped create a task force of officers to investigate a series of highway shootings believed to be linked through ballistics evidence. In June 2019, I transitioned to the Albuquerque Field Office in Albuquerque, New Mexico, where I continued to conduct investigations related to firearms, narcotics, and violent crime. In March of 2021, I joined the Boston Field Division.

4. The facts in this affidavit come from my personal observations and review of records, my training and experience, and information obtained from other agents and witnesses. This affidavit is submitted in support of a criminal complaint charging Hakeem COOPER with being a felon in possession of a firearm and ammunition, in violation of Title 18, United States

1

Code, Section 922(g)(1). This affidavit is submitted for the limited purpose of establishing probable cause to secure a criminal complaint. In submitting this affidavit, I have not included each and every fact known to me and other law enforcement officers concerning this investigation. Instead, it only contains facts sufficient to establish probable cause in support of a criminal complaint.

## PROBABLE CAUSE

5. On January 16, 2026, Waltham District Court issued three felony warrants for COOPER for the possession of large capacity feeding devices (Docket No. 2651CR0055). Massachusetts State Police ("MSP") obtained a warrant to track his cell phone location on March 3, 2026, from Chelsea District Court to locate COOPER (Docket No. 2614SW0034).

6. Using information derived from this warrant, MSP determined that COOPER was enroute to Brookline, Massachusetts on a FlixBus from out of state. Shortly after 9:30 a.m. on March 17, 2026, BPD officers and MSP troopers observed COOPER exit the FlixBus at the FlixBus stop at 278 Harvard Street, Brookline and retrieve a bag from the undercarriage storage area, before walking northbound on Harvard Street. Officers immediately took COOPER into custody and, during the apprehension, located a loaded firearm on COOPER's person in the front portion of his waistband. This firearm was a Taurus PT111 Millenium G2 9mm pistol, bearing serial number TJR74499. A BPD officer rendered the firearm safe and determined that it was loaded with 12 rounds of ammunition with one round in the chamber.

7. COOPER was transported to BPD for booking and interview. The interview was audio and video recorded. COOPER was advised of his *Miranda* rights and verbally confirmed that he understood his rights but declined to review a written copy or to sign a written copy of the *Miranda* waiver.

2

8. COOPER acknowledged that he is a felon and has numerous felony convictions, stating, "all my convictions are felonies." COOPER declined to state how he came to possess the firearm but ultimately admitted that he acquired the firearm within the last 30 days. COOPER stated he does not have a license to carry ("LTC") a firearm issued by Massachusetts.

9. An ATF Interstate Nexus Expert reviewed photographs of the seized firearm and ammunition and preliminarily determined they were not manufactured in the Commonwealth of Massachusetts, and therefore by their presence had traveled in or affected interstate or foreign commerce.

10. I have reviewed COOPER's criminal record and know that in 2024, COOPER was convicted of possession to distribute a class B controlled substance in Boston Municipal Court, Central Division (Docket No. 2201CR1528) for which he was sentenced to one year in the house of correction; in 2023, COOPER was convicted of trafficking controlled substances in Suffolk Superior Court (Docket No. 2384CR0383) for which he was sentenced to three years to three years and one day in state prison to be served concurrently with another 2023 conviction of possession to distribute a class B controlled substance, assault and battery on a police officer, and resisting arrest in Suffolk Superior Court (Docket No. 2284CR0331) for which he was also sentenced to three years to three years and one day for the drug possession offense and 90 days to be served concurrently for the other two offenses; in 2017, COOPER was convicted of two counts of larceny from a person in Suffolk Superior Court (Docket No. 1684CR0152) for which he was sentenced to two years in the house of correction and two years' probation to be served concurrently, but the term of probation was later revoked and he was sentenced to 18 months; also in 2017, COOPER was convicted of possession to distribute a Class B controlled substance in Boston Municipal Court, Central Division (Docket No. 1501CR007464) for which he was sentenced to one year in

3

the house of correction; in 2016, COOPER was convicted of indecent assault and battery on a person in Boston District Court, Central Division (Docket No. 1401CR005087), for which he was sentenced to six months in the house of correction; in 2013, COOPER was convicted of carrying a firearm without a license and carrying a loaded firearm without a license in Boston Municipal Court, Roxbury Division (Docket No. 1302CR000289) for which he was sentenced to 18 months incarceration and probation respectively, [1] but the term of probation was later revoked and he was sentenced to one year; also in 2013, COOPER was convicted of possession to distribute a class B controlled substance, distributing a class B controlled substance, and resisting arrest in Boston Municipal Court, Central Division (Docket No. 1201CR004334) for which he was sentenced to one year in the house of correction on each count to be served concurrently.

## CONCLUSION

11.     Based on the foregoing, I submit there is probable cause to believe that on or about March 17, 2026, Hakeem COOPER, knowing that he was previously convicted in a court of a crime punishable by imprisonment for a term exceeding one year, did knowingly possess a firearm and ammunition, that is a Taurus PT111 Millenium G2 9mm pistol, bearing serial number TJR74499 loaded with 12 rounds of ammunition, which had previously traveled in or affected

---

[1] The Board of Probation report indicates he received a sentence of 18 months and a term of probation, respectively. However, the district court docket does not indicate the specific sentence received for each charge.

interstate or foreign commerce, contrary to the provisions of Title 18, United States Code, Section 922(g)(1).



Respectfully submitted,

/s/ E. Austin Wozniak

E. Austin Wozniak
Special Agent
Bureau of Alcohol, Tobacco, Firearms, and
Explosives

Attested and sworn to via telephone in accordance with Federal Rule of Criminal Procedure 4.1
on this ___1st___ day of April 2026.

HONORABLE M. PAGE KELLEY
UNITED STATES MAGISTRATE JUDGE